**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, et al., | No.  CV-19-08163-PCT-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Show Low Unified School District, et al., | |
| Defendants. | |

Before the Court is Defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) Motion to Dismiss (the "Motion"). (Doc. 22) For the following reasons, the Motion will be granted in part, but Plaintiffs shall have leave to file an amended complaint.

**I.    Background**

John Doe, Jane Doe, and John Doe Junior ("Junior") (collectively "Plaintiffs") reside in Apache County, Arizona. (Doc. 21 at 1) Junior is the son of John and Jane Doe. (Doc. 21 at 1)  Junior has significant developmental disabilities. (Doc. 21 at 1) At the time of the events in the Amended Complaint, Junior was a minor who attended special education classes at Show Low High School. (Doc. 21 at 1-2)

Show Low Unified School District ("Defendant Show Low") is a municipal entity located in Navajo County, Arizona. (Doc. 21 at 2) At the time of the events alleged in the Amended Complaint, Laurel Hostler ("Defendant Hostler") was the special education teacher at Show Low High School. (Doc. 21 at 2) Judy Fabok ("Defendant Fabok") was a teacher's aide in Defendant Hostler's special education class. (Doc. 21 at 2)

On April 21, 2018, John and Jane Doe found "graphic sexual messages and photographs" on their son's phone. (Doc. 21 at 4) The messages were from Defendant Fabok. (Doc. 21 at 4) John and Jane Doe called the Show Low Police Department and an investigation followed. (Doc. 21 at 4-5) Upon the police questioning Defendant Fabok, she admitted to having a sexual relationship with Junior. (Doc. 21 at 5-6) Defendant Fabok stated that she believed others at the school suspected their relationship. (Doc. 21 at 5) She also admitted to other inappropriate conduct that she and the other special education aides engaged in with the students, such as speaking about sexual acts during class and receiving "massages" from students during class. (Doc. 21 at 5-6) On April 23, 2018, Defendant Show Low sent a letter to the parents and guardians of the students at the high school about the investigation, and Defendant Fabok was fired. (Doc. 21 at 6)

On May 31, 2019, Plaintiffs filed a complaint against Defendants. (Doc. 1) Plaintiffs filed the Amended Complaint on September 16, 2019, alleging several claims under Arizona state law and federal law. (Doc. 21) On September 24, 2019, Defendants Show Low and Hostler filed the Motion seeking dismissal as to Count I (§ 1983 constitutional violation), Count II (Title IX violation), and Count XI (negligent infliction of emotional distress). (Doc. 22) The Motion is fully briefed and ready for review. (Docs. 22, 24, 25)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a dismissal under Rule 12(b)(6) is appropriate when there is: (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## III.     Discussion

Defendants move to dismiss Counts I, II, and XI of the Amended Complaint. (Doc. 22 at 1) The Court addresses each count separately.

A.    Count I Constitutional Violation: 42 U.S.C. § 1983

1.    Defendant Show Low

Defendant Show Low argues that Defendant Fabok directly inflicted Plaintiffs' alleged injuries and Plaintiffs fail to state facts that could hold it liable under § 1983. (Doc. 22 at 3) In response, Plaintiffs argue that the Amended Complaint sufficiently alleges that Defendant Show Low was either deliberately indifferent to, or actively participated in, Defendant Fabok's wrongdoing. (Doc. 24 at 3-4)

A plaintiff stating a § 1983 claim against a municipality must show that the alleged constitutional violation was the result of: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-603 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-695 (1978)). In order to establish liability, "[a] plaintiff must [] show deliberate action attributable to the municipality that directly caused a deprivation of federal rights." *Id.* (internal quotations and citation omitted). A municipality may not be sued under a theory of respondeat superior. *Id.*

Here, Plaintiffs fail to state any factual allegations showing that Defendant Show Low: (1) had an official policy allowing the sexual abuse of students at school; (2) had a pervasive custom or practice of allowing sexual abuse to happen to students at school; (3) failed to train, supervise, or discipline teachers at school regarding sexual abuse; or (4) knew about the sexual abuse and made a decision not to stop the abuse. Indeed, Plaintiffs do not even allege that an administrator within the school knew of the abuse. Therefore, Count I will be dismissed as to Defendant Show Low. The Court does find, however, that Plaintiffs should be given leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

2.    Defendant Hostler

Defendant Hostler argues that the Amended Complaint fails to allege a § 1983 claim against her because she did not sexually molest Junior, she did not direct Defendant Fabok to sexually molest Junior, and she did not know Defendant Fabok was sexually molesting Junior. (Doc. 22 at 4) Alternatively, Defendant Hostler argues that she is entitled to

qualified immunity because her conduct did not violate a clearly established statutory or constitutional right. (Doc. 22 at 4) In response, Plaintiffs argue that Defendant Hostler had actual knowledge of what was going on and failed to act. (Doc. 24 at 5) Plaintiffs further argue that Defendant Hostler is not entitled to qualified immunity because Junior's right to be free from sexual abuse at school was clearly established at the time of the abuse. (Doc. 24 at 7)

Under 42 U.S.C. § 1983, supervisors may be individually liable for the constitutional violations of their subordinates if they are "personally involved" in the constitutional deprivation or where there is a "causal connection between the supervisor's wrongful conduct and the constitutional violation." *MacKinney v. Nielsen,* 69 F.3d 1002, 1008 (9th Cir. 1995). A causal connection may be established by evidence that the official "exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001).

Here, Plaintiffs allege in the Amended Complaint that a student volunteer told Defendant Hostler of Junior and Defendant Fabok's inappropriate communications. (Doc. 21 at 8) Plaintiffs further allege that, instead of reporting what the student told her, Defendant Hostler had the student volunteer removed from her classroom by concocting a fake story about the student to get him in trouble. (Doc. 21 at 8) In addition, Plaintiffs allege several inappropriate acts that occurred in Defendant Hostler's classroom that should have put her on notice of the inappropriate sexual conduct occurring between Defendant Fabok and Junior. These acts included: (1) Defendant Hostler stating to Junior that he and Defendant Fabok were "communicating too much;" (2) Defendant Hostler knowing that Junior and Defendant Fabok were Facebook friends; (3) Junior being allowed to walk alone to the bus stop to meet Defendant Fabok, even though it was against his Individualized Educational Program; (4) Defendant Fabok and Junior touching each other's thighs while in Defendant Hostler's class; and (5) the teacher's aides and special education students giving each other "massages," snapping towels at each other, and engaging in sexual

conversations during Defendant Hostler's class. (Doc. 21 at 5-10)

The Court finds that these allegations are sufficient to support a § 1983 claim against Defendant Hostler. Taking the allegations as true, a reasonable jury could find that Defendant Hostler knew of inappropriate sexual conduct going on between Junior and Defendant Fabok, yet she acted with "deliberate indifference" by failing to act on that information.

Furthermore, the Court finds that Defendant Hostler is not entitled to qualified immunity. It was well-established at the time of the events alleged in the Amended Complaint (2017-2018) that students have a constitutional right to be free from gender-based discrimination, including sexual abuse, at school. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009) (holding that Title IX was not meant to be a substitute for § 1983 lawsuits as a means of enforcing a student's constitutional right to be free from sexual harassment by a teacher at school); *see also Plumeau v. Sch. Dist. No. 40 Cty. of Yanhill*, 130 F.3d 432, 438 (9th Cir. 1997) ("[Plaintiff] had a constitutional right to be free from state-imposed violations of bodily integrity. . . . This includes freedom from excessive physical abuse by school employees."). Therefore, Count I will not be dismissed as to Defendant Hostler.

B.    Count II Title IX Violation: 20 U.S.C. § 1681

Defendant Show Low argues that Count II must be dismissed because Plaintiffs fail to allege deliberate indifference on their part. (Doc. 22 at 5) In response, Plaintiffs argue that the Amended Complaint alleges several instances where Defendant Hostler and other supervisors had actual knowledge of the abuse and failed to act. (Doc. 24 at 5)

A plaintiff may recover monetary damages through a private right of action under Title IX when an official "with authority to take corrective action to end the discrimination" has actual knowledge of the discrimination and fails to adequately respond—i.e., acts with deliberate indifference. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). Within the K-12 context, courts generally interpret an official "with authority to take corrective action to end the discrimination" to mean a school administrator with the

authority to hire and fire employees. *See  Baynard v. Malone*, 268 F.3d 228, 238-39 (4th Cir. 2001) (holding that the principal could not be held liable under Title IX because he did not have the authority to fire or transfer the offending teacher); *see also Doe A. v. Green*, 298 F.Supp.2d 1025, 1032 (D. Nev. 2004) (stating a Title IX claim against the principal, assistant principal, and athletic director because they "had authority to address the alleged discrimination"). Furthermore, the test for deliberate indifference is "whether a reasonable fact-finder could conclude that the [official]'s response was clearly unreasonable in light of the known circumstances." *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (internal quotations and citation omitted).

Here, Plaintiffs do not allege that the principal or any other school administrator with the authority to fire or transfer Defendant Fabok was made aware of the sexual abuse happening to Junior. Plaintiffs' general allegations that "others suspected" the inappropriate relationship between Junior and Defendant Fabok is insufficient to support Plaintiffs' claim. Again, there is no specific indication that an administrator with authority to address the abuse was included in those who "suspected" the relationship. Therefore, Count II of the Amended Complaint shall be dismissed. The Court does find, however, that Plaintiffs should be given leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

C.     Count XI: Negligent Infliction of Emotional Distress

Defendants assert that Plaintiffs' Count XI fails because John and Jane Doe did not directly witness any of the events responsible for Junior's injuries. (Doc. 22 at 6) In response, Plaintiffs assert that they witnessed firsthand the sexually explicit messages and photographs that caused Junior psychological damage, and therefore, they have met the pleading requirements for Count XI. (Doc. 24 at 7)

To plead a claim for negligent infliction of emotional distress under Arizona law, a plaintiff must allege: (1) shock or mental anguish manifested as a physical injury; (2) the emotional distress resulted from witnessing an injury to a person with whom the plaintiff has a close personal relationship; and (3) the plaintiff was in the "zone of danger." *Keck v. Jackson*, 593 P.2d 668, 669-70 (Ariz. 1979). "[A] physical injury, as well as a long-term

physical illness or mental disturbance, constitutes sufficient bodily harm to support a claim of negligent infliction of emotional distress." *Monaco v. HealthPartners of S. Ariz.*, 995 P.2d 735, 739 (Ariz. Ct. App. 1999).

Here, Plaintiffs allege that John and Jane Doe have experienced generalized anxiety, sleeplessness, gastrointestinal distress, headaches, depression, and weeping. (Doc. 21 at 12) In addition, Plaintiffs allege that Jane Doe sought psychiatric and psychological treatment. (Doc. 21 at 12) Next, Plaintiffs assert that Junior's inappropriate communications with Defendant Fabok have resulted in Junior being diagnosed with an adjustment disorder and anxiety. (Doc. 21 at 11) Finally, Plaintiffs allege that they witnessed Junior's injuries firsthand and were in the "zone of danger" for Junior's injuries because Jane Doe saw text messages sent from Defendant Fabok to Junior on April 21, 2018. (Doc. 21 at 4) Additionally, later the same day John Doe inspected Junior's phone and saw the "graphic sexual messages and photos" sent by Defendant Fabok. (Doc. 21 at 4) The Court finds that, after taking the allegations as true, the Amended Complaint sufficiently alleges a claim for negligent infliction of emotional distress. Therefore, Count XI will not be dismissed.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 22) is **granted in part** and **denied in part**. Counts I and II are **dismissed without prejudice** as to Defendant Show Low.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **thirty (30) days** from the date of this Order to file their Second Amended Complaint.

Dated this 30th day of April, 2020.

Honorable Steven P. Logan
United States District Judge